## WARREN GORDON LIGHTERAGE CO., Inc., v. McALLISTER TOWING & TRANSPORTATION CO., Inc., et al.

(District Court, S. D. New York. May 8, 1926.)

United States ☞110.

Interest is not allowable against the United States in suits brought under the Tucker Act (Judicial Code, § 24 [20]), being Comp. St. § 991, for injuries to a barge.

In Admiralty. Suit by the Warren Gordon Lighterage Company, Inc., against the McAllister Towing & Transportation Company, Inc., with the United States impleaded. Decree for libelant.

William F. Purdy, of New York City, for libelant.

Macklin Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for McAllister Towing & Transp. Co., Inc.

Emory R. Buckner, of New York City (H. T. Atkins, of New York City, of counsel), for the United States.

AUGUSTUS N. HAND, District Judge. I grant the decree for the libelant against the McAllister Towing & Transportation Company, and allow the claim of the libelant for any physical damages which it suffered by reason of the injuries to its barge, together with interest at 6 per cent. from the time of the filing of the libel. I also grant a decree for any charter hire which may not have been paid, but the amount of such unpaid charter hire, if any, shall be determined by the commissioner.

The interlocutory decree should also provide for a remedy over against the United States to the extent of the damages suffered by reason of the injuries to the barge, but without interest against the government. Interest cannot be allowed, where remedy, as here, is sought under the Tucker Act (Judicial Code, § 24 [20]), being Comp. St. § 991.

Settle interlocutory decree on notice. Henry E. Mattison, Esq., is named as commissioner.